FILED

Nov 04 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ GloriaVocal          DEPUTY

 SEALED

ORDERED UNSEALED on 11/14/2025   s/ melindajw

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DANIEL RIKKELS,<br><br>                    Defendant. | Case No.   '25 CR4276 H<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1349 –<br>Conspiracy to Commit Wire Fraud;<br>Title 18, U.S.C., Sec. 1343 – Wire<br>Fraud; Title 18, U.S.C.,<br>Sec. 201(b)(2)(A) and (B) – Bribery<br>of a Public Official; Title 18,<br>U.S.C., Secs. 208(a) and 216(a)(2) –<br>Willfully Engage in Acts Affecting a<br>Personal Financial Interest;<br>Title 18, U.S.C.,<br>Sec. 1956(a)(1)(B) – Laundering of<br>Monetary Instruments; Title 18,<br>U.S.C., Sec. 1957 – Money<br>Laundering; Title 18, U.S.C.,<br>Secs. 981(a)(1)(A), 981(a)(1)(C),<br>982(a)(1), 982(b), and Title 28,<br>U.S.C., Sec. 2461(c) – Criminal<br>Forfeiture |

The grand jury charges, at all times material:

## INTRODUCTORY ALLEGATIONS

1.    The United States Department of Veterans Affairs (VA) was a
federal agency that provided a variety of services to eligible United
States military veterans, their dependents, and survivors.

2.    The Veteran's Benefits Administration (VBA) was one of the
three administrations falling under the VA's larger umbrella. The VBA
was responsible for administering the VA's programs that provided

financial and other forms of assistance. VA benefits included veterans' compensation/ disability benefits, pension and survivor benefits, rehabilitation and employment assistance, education assistance, home loan guarantees, and life insurance coverage.

3. DANIEL RIKKELS, was a resident of Chula Vista, California, and from before March 1, 2020 through on or about June 17, 2025, was an employee of the Veteran's Benefits Administration whose job responsibilities included adjudicating (granting, denying, confirming, approving, and continuing) veteran disability claims

4. The National Work Queue (NWQ) was a computerized system which distributed veteran disability cases to each VA office's workload each morning. The intent of the NWQ was to work the next "ripe" case, which was prioritized based on the age of the claim, certain priority factors of the claim, and how long the claim had been in its current status.

5. The Veterans Benefits Management System (VBMS) was a computerized system which displayed information pertaining to the veteran's military service, financial information, medical valuations, disability benefits ratings, disability awards information, and current disability compensation rate, if any.

6. DANIEL RIKKELS, as an employee of the Department of Veterans Affairs, was required to adhere to the principles of ethical conduct set forth in 5 C.F.R. Part 2635 (Standards of Ethical Conduct for Employees of the Executive Branch and Executive Order 12674 (Principles of Ethical Conduct), as modified by Executive Order 12731.

7. Among the ethical principles applicable to employees in 5 C.F.R. Part 2635 were:

a. Employees shall not hold financial interests that conflict with the conscientious performance of duty.

2

b.    Employees shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

c.    An employee shall not, except as permitted by subpart B of this part, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.

d.    Employees shall not use public office for private gain.

e.    Employees shall act impartially and not give preferential treatment to any private organization or individual.

f.    Employees shall not engage in outside employment or activities, including seeking or negotiating for employment, that conflict with official Government duties and responsibilities.

## Count 1

### Conspiracy to Commit Wire Fraud

### (18 U.S.C. § 1349)

8.    The allegations set forth in paragraphs 1 through 7 are realleged and incorporated by reference as if fully set forth herein.

<u>The Conspiracy</u>

9.    Beginning on a date unknown to the grand jury but no later than March 2020, and continuing up to and including November 4, 2025, within the Southern District of California and elsewhere, defendant DANIEL RIKKELS ("RIKKELS"), knowingly and intentionally conspired with others known and unknown to the grand jury, to commit wire fraud, in violation of Title 18, United States Code, Section 1343, that is to knowingly devise a material scheme and artifice to defraud and to obtain

3

money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts, and in executing said scheme, caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate and foreign commerce.

<u>Manner and Means</u>

10.  The objects of the conspiracy were carried out, and were to be carried out, in substance, in the following manner:

11.  It was the purpose of the conspiracy that RIKKELS would work with veteran clients and others to obtain VA disability benefits for these veteran clients through the disability claims process, fraudulently obtaining payments for these benefits through the assertion of false, misleading, and exaggerated claims of service-related injuries and medical conditions, and through providing knowingly and intentionally altered supporting documentation in support of these claims. Through these claims veterans fraudulently obtained millions of dollars in VA disability payments and backpay, and RIKKELS received millions of dollars in payments from the veterans which he had demanded and accepted in return for his work.

12.  To execute the scheme, defendant RIKKELS and his co-conspirators used the following manner and means, among others:

a.  From as early as March of 2020 until on or about June 17, 2025, while RIKKELS was an employee of the Veteran's Benefit Administration and had employment duties which involved the review and approval of veteran disability claims, he approved disability claims of veterans from whom he was separately soliciting and accepting private payments from in return for assistance in the submission of those same claims.

b.    RIKKELS would negotiate payment from the veterans up front, often an amount directly proportional to the final disability rating and backpay that they were anticipated to receive.

c.    RIKKELS would instruct the veterans to submit an Intent to File to preserve their right to backpay once their claim was approved but would instruct them to not list the basis for their claim, and the veterans would then do so.

d.    RIKKELS would inform veterans which conditions they were going to claim, often with no discussion with the veteran of that individual veteran's medical conditions or ailments

e.    RIKKELS would actively instruct, advise, and encourage veterans to provide false, exaggerated, and misleading information to providers and examiners that the veterans would be seeing in order to support the veterans' disability claims, which veterans thereafter did.

f.    RIKKELS conveyed his instructions to falsify or exaggerate physical and psychological symptoms and ailments through electronic messages to veterans, often including identical or nearly identical instructions to hundreds of different veterans.

g.    Veterans would send RIKKELS records which they were obtaining in support of the claims by electronic messages and electronic mail, and at times RIKKELS would instruct them to alter records that they had obtained from health care professionals, which they did.

h.    RIKKELS would have veterans provide him with their secure username and password to the VA Disability system, after which he would access the online claims system as the veteran and complete the claims process.

i.    During the period when RIKKELS was a VA employee, once he had the veterans' claims completely submitted RIKKELS would access

the VA disability claims system in his official capacity as a VA claims reviewer, would select his clients' claims from the National Work Queue, and would approve the veterans' disability claims. At the time he performed these actions he knew he had existing financial interests in the disability claims he was selecting and approving.

j.   Once the claims were final RIKKELS would demand the payment which he had previously negotiated with the veterans and the veterans would then pay RIKKELS through various means, including NFCU to NFCU transfers, wire transfers, Zelle payments, Venmo transactions and cash transactions.

k.   RIKKELS would frequently request that veterans that lived in the local San Diego area meet him in person to make the payment to him in cash to minimize what he would have to pay in taxes, and they would do so.

13.   After RIKKELS retired from the VA on or about June 17, 2025, he continued the activities alleged above with his existing veteran clients as well as new veteran clients that he began to work with, and he continued to demand and receive payments from existing and new veteran clients. He also continued to instruct them as to what conditions they were to claim and what lies, misrepresentations, and exaggerations they were to say in examinations and evaluations to support their claimed disabilities.

All in violation of Title 18, United States Code, Section 1349.

//

//

//

//

//

**Counts 2 through 7**

**Wire Fraud**

**(18 U.S.C. § 1343)**

14.    The allegations set forth in paragraphs 1 through 13 are hereby incorporated by reference as if fully stated herein

15.    Beginning no later than March 2020, and continuing up to and including November 4, 2025, within the Southern District of California and elsewhere, defendant DANIEL RIKKELS, did knowingly devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and intentional concealment and omission of material fact.

The Scheme to Defraud

16.    Paragraphs 10 through 13 of this Indictment are realleged and incorporated by reference as more fully describing the scheme to defraud, that is, to induce veterans to pay money to defendant DANIEL RIKKELS to obtain benefits by means of materially false and fraudulent pretenses, representations, and promises and intentional concealment and omission of material fact.

The Wires

17.    On or about the dates listed below, within the Southern District of California and elsewhere, defendant DANIEL RIKKELS, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted by wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in the form of electronic messages as more particularly described below:

| Count | Approximate Date | Electronic message |
|---|---|---|
| 2 | December 24, 2020 | Biggest one is back. You want your back to be hurting. Move slow. Can't bend too much in pain. Affecting all aspects of life because can't sit or stand too long without becoming painful. Pain radiates down both legs with tingling and numbness. Affects everything from travel to work and sleep. Becoming depressed. Shoulder just show painful motion. Sinuses just report very frequent sinus attacks and symptoms numerous times a week. Headaches. Etc. |
| 3 | July 29, 2022 | Looks pretty good but to make sure there's no issue with pushing through the 100 can you edit the pdf and mark 3 more boxes on page 4 using the same box they did to fill it in. Need you to mark following boxes on page 4… 1. Near continuous panic or depression 2. Suicidal ideation 3. Intermittent inability to perform activities or daily living. Once you do that email it to me and will be able to get it completed within a week 👍 |
| 4 | April 11, 2024 | You'll just have to say something like a fellow male soldier sexually assaulted you and come up with a story. Maybe went to a club and slipped you a pill or whatever. Woke up at his place with clothes half off etc. |
| 5 | April 26, 2025 | PTSD exam 4/30.... your anxiety condition has significantly worsened. Daily anxiety, Depression panic attacks, sleep impairment frustration irritability trouble concentrating don't like being around people maybe getting into fights and arguments at work home or just with strangers at store etc. So you basically want to say all these symptoms are bad and greatly affecting your work and your home life. Decreased performance at work and irritability with coworkers. Missing work. Can say feel like may be fired soon. Or can't hold down jobs long. Or no longer working |

| Count | Approximate Date | Electronic message |
|---|---|---|
| | | due to symptoms. Problems with relationships at home due to all those symptoms. Daily panic attacks or severe times a week. For exam purposes the greater the impact it's having at work and home the higher your evaluation. Recommend never saying anything is good or fine or ok or that you like your work. Everything is BAD! |
| 6 | May 6, 2025 | These exams are a game. You just have to play the game. The examiners don't care about what you say. You have to say the things I told you and say your life is falling apart in every aspect. That's the only shot to help you get to 100. |
| 7 | July 27, 2025 | Evaluation for back based on range of motion mainly bending forward. The less you can go forward the higher the evaluation. Remember... its hurting bad and hurts to move very far. Don't even bend forward to a 45 degree angle. I would say maybe 30 degree angle. Say it flares up daily and prevent you from a lot of normal activities. You don't like doing much anymore because causes pain and flare ups and you're becoming very depressed. |

All in violation of Title 18, United States Code, Section 1343.

### Counts 8 through 12

### Bribery of a Public Official

### (18 U.S.C. § 201(b)(2)(A) and (B))

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated by reference as if fully set forth herein.

19. On or about the dates listed below, within the Southern District of California and elsewhere, defendant DANIEL RIKKELS, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act, and being influenced to commit and aid in committing and to collude in,

and allow, and to make opportunity for the commission of a fraud on the United States; being induced to do an act and omit to do an act in violation of his official duty; that is demanding and accepting the amount listed below for reviewing and approving the VA disability claim of the veteran whose initials are provided below:

| Count | Date | Amount | Veteran |
|-------|------|--------|---------|
| 8 | June 17, 2021 | $2,500 NFCU to NFCU transfer | A.G. |
| 9 | September 22, 2023 | $20,000 wire transfer | J.R. |
| 10 | March 15, 2024 | $50,000 cash | A.C. |
| 11 | May 16, 2024 | $60,000 wire transfer | A.M. |
| 12 | March 12, 2025 | $13,000 wire transfer | N.C. |

All in violation of Title 18, United States Code, Section 201(b)(2)(A) and (B).

### Counts 13 through 17

**Willfully Engage in Acts Affecting a Personal Financial Interest**

**(18 U.S.C. §§ 208(a) and 216(a)(2))**

20.  The allegations set forth in paragraphs 1 through 17 are re-alleged as if fully set forth herein.

21.  On or about the dates listed below, within the Southern District of California and elsewhere, defendant DANIEL RIKKELS, being an officer and employee of the executive branch of the United States Government, knowingly and willfully participated personally and substantially as a Government officer and employee, through

recommendation and approval, in an application and claim for the veterans
listed below, in which defendant RIKKELS had a financial interest.

| Count | Approximate Date of Approval By RIKKELS | Veteran |
|-------|------------------------------------------|---------|
| **13** | January 15, 2021 | J.P. |
| **14** | May 24, 2022 | E.T. |
| **15** | August 15, 2024 | G.F. |
| **16** | June 10, 2024 | N.C. |
| **17** | March 26, 2025 | A.G. |

All in violation of Title 18, United States Code, Sections 208(a) and
216(a)(2).

## Counts 18 through 22

### Laundering of Monetary Instruments

### (18 U.S.C. § 1956(a)(1)(B))

22. The allegations set forth in paragraphs 1 through 19 are re-
alleged as if fully set forth herein.

23. On or about the dates listed below, within the Southern
District of California and elsewhere, defendant DANIEL RIKKELS did
knowingly conduct and attempt to conduct a financial transaction
affecting interstate commerce, identified in the amounts listed below,
which involved the proceeds of a specified unlawful activity, that is,
bribery of a public official, in violation of Title 18, United States
Code, Section 201(b)(2)(A) and (B), and wire fraud, in violation of
Title 18, United States Code, Section 1343, knowing that the transaction
was designed in whole and in part to conceal and disguise the nature,
location, source, ownership, and control  of the proceeds of said
specified unlawful activity and that while conducting and attempting to

1  conduct such financial transaction knew that the property involved in
2  the financial transaction represented the proceeds of some form of
3  unlawful activity.

| Count | Approximate Date | Transaction |
|---|---|---|
| 18 | March 15, 2024 | $11,375.00 electronic transfer of funds from Fidelity Brokerage Account #4156 to Fidelity Brokerage Account #3995 |
| 19 | July 1, 2024 | $2400.00 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Fidelity Brokerage Account #3997 |
| 20 | July 1, 2024 | $2693.55 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Fidelity Brokerage Account #3998 |
| 21 | July 1, 2024 | $2555.00 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Fidelity Brokerage Account #3999 |
| 22 | July 1, 2024 | $4141.67 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Fidelity Brokerage Account #9569 |

16  All in violation of Title 18, United States Code,
17  Section 1956(a)(1)(B)(i).

### Counts 23 through 33

### Money Laundering

### (18 U.S.C. § 1957)

21  24.  The allegations set forth in paragraphs 1 through 19 are re-
22  alleged as if fully set forth herein.

23  25.  On or about the dates listed below, within the Southern
24  District of California and elsewhere, defendant DANIEL RIKKELS, did
25  knowingly engage and attempt to engage in a monetary transaction by,
26  through, and to a financial institution, affecting interstate and
27  foreign commerce, in criminally derived property of a value greater than
28  $10,000, that is, withdrawal and transfer of funds as listed below, such

property having been derived from a specified unlawful activity, that is, bribery of a public official, in violation of Title 18, United States Code, Section 201(b)(2)(A) and (B), and wire fraud, in violation of Title 18, United States Code, Section 1343.

| Count | Approximate Date | Transaction |
|---|---|---|
| 23 | July 12, 2022 | $494,456.43 electronic funds transfer from Vanguard Account #7330 to Fidelity Brokerage Account #4804 |
| 24 | October 4, 2022 | $65,000.00 electronic transfer of funds from Navy Federal Credit Union Account #5592 to Fidelity Brokerage Account #4804 |
| 25 | October 18, 2022 | $12,500.00 electronic transfer of funds from Navy Federal Credit Union Account #5592 to Fidelity Brokerage Account #5391 |
| 26 | March 27, 2023 | $80,000.00 electronic transfer of funds from Navy Federal Credit Union Account #5592 to Fidelity Brokerage Account #4156 |
| 27 | February 7, 2024 | $66,000.00 electronic transfer of funds from Fidelity Brokerage Account #4156 to Fidelity Brokerage Account #3996 |
| 28 | April 8, 2024 | $70,000.00 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Fidelity Brokerage Account #4156 |
| 29 | November 12, 2024 | $30,000 electronic transfer of funds from Navy Federal Credit Union Account #5592 to Navy Federal Credit Union Account #3010 |
| 30 | December 24, 2024 | $950,000.00 electronic transfer of funds from Fidelity Brokerage Account #4804 to Fidelity Brokerage Account #4156 |
| 31 | February 3, 2025 | $619,000.00 wire transfer from Fidelity Brokerage Account #4156 to Security Title Agency Inc., US Bank NA Account #2531 |
| 32 | February 25, 2025 | $30,000 electronic transfer of funds from Navy Federal Credit Union Account #1997 to Navy Federal Credit Union Account #8815 |
| 33 | March 19, 2025 | $91,034.98 electronic transfer of funds from Fidelity Brokerage Account #5391 to Fidelity Brokerage Account #5324 |

All in violation of Title 18, United States Codes, Section 1957.

**FORFEITURE ALLEGATIONS**

26. The allegations contained in Counts 1 through 33 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, United States Code, Section 2461(c).

27. Upon conviction of one and more of the offenses alleged in Counts 1 through 17 of this Indictment and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendant DANIEL RIKKELS shall forfeit to the United States any property, real and personal, constituting or derived from proceeds traceable to such offense. The property to be forfeited shall include but is not limited to:

  a.  The real property located at:
      4060 S CAMINO DE VIDA
      GOLD CANYON, AZ 85118-2968
      APN/Parcel ID(s): 104-93-083
      Tax Map ID(s): Pm-934 and 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

      More particularly described as:
      Lot 83, of Vista Del Corazon, according to the Plat of record in the office of the County Recorder of Pinal County, Arizona recorded in Cabinet B, Slide 156 and Affidavit of Correction recorded in Recording No. 2013-029675

  b.  all monies, funds and credits found in and attributable to Navy Federal Credit Union Account #5592

  c.  all monies, funds and credits found in and attributable to Navy Federal Credit Union Account #3010

  d.  all monies, funds and credits found in and attributable to Navy Federal Credit Union Account #1997

14

1          e.   all monies, funds and credits found in and attributable

2 to Navy Federal Credit Union Account #8815

3          f.   all monies, funds and credits found in and attributable

4 to Fidelity Brokerage Services Account #3995

5          g.   all monies, funds and credits found in and attributable

6    to Fidelity Brokerage Services Account #3997

7          h.   all monies, funds and credits found in and attributable

8 to Fidelity Brokerage Services Account #3998

9          i.   all monies, funds and credits found in and attributable

10 to Fidelity Brokerage Services Account #3999

11          j.   all monies, funds and credits found in and attributable

12 to Fidelity Brokerage Services Account #9569

13          k.   all monies, funds and credits found in and attributable

14 to Fidelity Brokerage Services Account #4156

15          l.   all monies, funds and credits found in and attributable

16 to Fidelity Brokerage Services Account #4804

17          m.   all monies, funds and credits found in and attributable

18 to Fidelity Brokerage Services Account #5324

19    28.  Upon conviction of one and more of the offenses set forth in

20 Counts 18 through 33 of this Indictment, and pursuant to Title 18, United

21 States Code, Section 982(a)(1), defendant DANIEL RIKKELS shall forfeit

22 to the United States of America, any property, real and personal,

23 involved in such offenses, and any property traceable to such property.

24 The property to be forfeited shall include but is not limited to:

25          a.   The real property located at:
              4060 S CAMINO DE VIDA

26               GOLD CANYON, AZ 85118-2968
              APN/Parcel ID(s): 104-93-083

27               Tax Map ID(s): Pm-934 and 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

28

                    More particularly described as:
                    Lot 83, of Vista Del Corazon, according to the Plat of
                    record in the office of the County Recorder of Pinal
                    County, Arizona recorded in Cabinet B, Slide 156 and
                    Affidavit of Correction recorded in Recording No. 2013-
                    029675

          b.    all monies, funds and credits found in and attributable
to Navy Federal Credit Union Account #5592

          c.    all monies, funds and credits found in and attributable
to Navy Federal Credit Union Account #3010

          d.    all monies, funds and credits found in and attributable
to Navy Federal Credit Union Account #1997

          e.    all monies, funds and credits found in and attributable
to Navy Federal Credit Union Account #8815

          f.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #3995

          g.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #3997

               h.    all monies, funds and credits found in and
attributable to Fidelity Brokerage Services Account #3998

          i.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #3999

          j.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #9569

          k.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #4156

          l.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #4804

          m.    all monies, funds and credits found in and attributable
to Fidelity Brokerage Services Account #5324

29. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b). All pursuant to Title 18, United States Code, Sections 981(a)(1), 982(a)(1), 982(b) and Title 28, United States Code, Section 2461(c).

DATED: November 4, 2025.

ADAM GORDON
United States Attorney

By: JOSEPH S. SMITH. JR.
DANIEL CASILLAS
Assistant U.S. Attorneys