UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RIKKELS,<br><br>Defendant. | Criminal Case No. 25CR4276-H<br><br>**PROTECTIVE ORDER REGARDING DISCOVERY AND GRAND JURY MATERIAL** |

This matter comes before the Court upon a joint motion of the parties for (1) authorization to disclose grand jury material to the defense team in the above-captioned case, and (2) a protective order to safeguard all discovery and grand jury material from disclosure to persons outside of defendant DANIEL RIKKELS ("Defendant") and his defense counsel in the above-referenced case. Pursuant to the joint motion of the parties, Federal Rule of Criminal Procedure 16(d)(1), and General Order No. 514 of the United States District Court for the Southern District of California along with all of its subsequent parts (collectively, "General Order No. 514"), pertaining to privacy matters, after

considering the joint motion and the file in this case, the Court finds good cause for relief requested, and,

IT IS HEREBY ORDERED that the joint motion is granted. The attorney for the United States is authorized to disclose to counsel for the Defendant the discovery and grand jury material which the United States intends to disclose in order to fulfill its statutory and Constitutional discovery obligations in this case.

IT IS FURTHER ORDERED that:

1. The discovery and grand jury material produced in this case (the "Discovery and Grand Jury Material") contains personal identification information, financial information, and medical information of other individuals, law enforcement sensitive information, and information protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure, and if that information is further disseminated, it may jeopardize the ongoing investigation and the safety, financial security, and privacy of the individuals identified in those materials. The phrase "Grand Jury Material," as used in this Order means: (1) transcripts of testimony before the grand jury; and (2) any documents, records, or objects marked as grand jury exhibits.

2. The Discovery and Grand Jury Material produced by the United States in this case is for the use of defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting defense counsel in this case (collectively referred to herein as the "Defense").

3. The Discovery and Grand Jury Material is provided to the Defense for the purposes of investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The parties further agree that the Discovery and Grand Jury Material may not be copied or further disseminated in any way to any other person or entity who is not part of the Defense.

4. If in the course of preparing the defense in this case, the Defense needs to disclose the Discovery and Grand Jury Material to any person outside of the Defense, including any third-party witness, the Defense shall provide prior written notice to the

United States, leaving the United States reasonable opportunity to object, and thereafter, the Defense shall obtain prior written authorization from the Court, with such authorization to require that any such person to whom the Discovery and Grand Jury Material is disclosed agree to be bound by the terms of the Protective Order, that the Discovery and Grand Jury Material be only shown to, and not left with, such person, and that the Discovery and Grand Jury Material remain in the custody and control of the Defense.

5. The Defense shall take all reasonable steps to (a) maintain the confidentiality of the Discovery and Grand Jury Material; and (b) safeguard the Discovery and Grand Jury Material produced in this case from inadvertent disclosure or review by any third party.

6. If the Defense shows a witness any Discovery and Grand Jury Material for the purposes of preparing its defense, then the Defense must inform the witness of the Protective Order and obtain the written consent of the witness to comply with and be bound by the terms of the Protective Order.

7. The Defense may review the Grand Jury Material with Defendant but shall not provide a copy of any Grand Jury Material to Defendant.

8. The Defense must retain custody and control of the Discovery and Grand Jury Material and may not provide copies of the Discovery and Grand Jury Material to any witness.

9. To the extent that any of the Discovery and Grand Jury Material contains any individual's personal identification information, within the meaning of General Order No. 514, any copies of the Discovery and Grand Jury Material provided to the Defendant, any filings with the Court referencing or containing the Discovery and Grand Jury Material, and any disclosure of the Discovery and Grand Jury Material to witnesses, shall be redacted in a manner consistent with General Order No. 514.

10. No member of the Defense, including the defense attorney, shall reveal to the Defendant or any third-party any personal identification information, with the meaning of General Order No. 514, that is contained in the Discovery and Grand Jury Material related to any victim or witness associated with the charges in this case, unless the Court orders that the Defendant may review such personal identification information. Should the

*Protective Order*                                3

Discovery and Grand Jury Material contain any personal identification information, the Defense shall redact such information prior to providing any Discovery and Grand Jury Material to the Defendant.

11. The Defense shall return the Discovery and Grand Jury Material to the United States within ten (10) days should defense counsel withdraw or become disqualified from participation in this case.

12. The Defense shall return to the United States any and all copies of the Discovery and Grand Jury Material within ninety (90) days of the conclusion of the proceedings in this case, including any appeal.

13. The Defense will ensure that every member of his/her defense team, including Defendant, is advised of the Protective Order and has agreed to be bound by its terms before disclosing the substance of the Discovery and Grand Jury Material.

IT IS SO ORDERED.

DATED: 11/21/2025

*(signature)*
HONORABLE MARILYN L. HUFF
United States District Judge